[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Emma Binford, appeals the decree of divorce entered by the Hamilton County Court of Common Pleas, Domestic Relations Division. For the following reasons, we affirm the trial court's judgment.
 {¶ 3} Mrs. Binford and plaintiff-appellee, Reggie S. Binford, were married in 1983. In December 2000, Mr. Binford filed a complaint for divorce. The parties entered into stipulations, which the magistrate accepted before issuing his decision. Both parties then filed objections. The trial court sustained the objections and returned the case to the magistrate for an inquiry into whether the stipulations had been validly executed.
 {¶ 4} After another hearing before the magistrate, the stipulations were substantially upheld. The magistrate issued his decision, and, following objections, the trial court issued a divorce decree in accordance with the magistrate's decision.
 {¶ 5} On appeal, Mrs. Binford now asserts, in a single assignment of error, that the trial court erred in failing to award her spousal support and in failing to find that Mr. Binford had engaged in financial misconduct.
 {¶ 6} In determining whether and to what extent to award spousal support, the trial court must consider the factors set forth in R.C.3105.18(C)(1). A court's decision regarding spousal support will not be reversed absent an abuse of discretion.[1] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[2]
 {¶ 7} In the case at bar, we find no abuse of discretion in the trial court's denial of spousal support. Although she cites the statutory factors in her brief, Mrs. Binford cites no evidence in the record to indicate that an award of spousal support would have been appropriate. Moreover, our independent review of the record convinces us that the trial court's decision was not unreasonable, arbitrary or unconscionable.
 {¶ 8} Mrs. Binford also argues that the trial court erred in failing to adjust the division of marital property to account for the alleged financial misconduct of Mr. Binford. Specifically, she argues that Mr. Binford's neglect of certain rental property and his delinquency in paying taxes on the property constituted misconduct that resulted in the property's devaluation.
 {¶ 9} The division of marital property is governed by R.C.3105.171(C)(1), which provides that marital property shall be divided equally unless an equal division would be inequitable. The factors that a trial court must consider in making its decision are set forth in R.C.3105.171(F). The domestic relations court has broad discretion in dividing marital property, and a reviewing court will not disturb that decision absent an abuse of discretion.[3]
 {¶ 10} In the case at bar, we find no abuse of discretion. Although Mrs. Binford argues that the neglect of the property and the tax delinquencies were the result of financial misconduct within the meaning of R.C. 3105.171(E)(3), the trial court was presented with evidence, in the form of Mr. Binford's testimony, that the couple was simply unable to afford the maintenance and taxes. We find no abuse of discretion in the trial court's reliance on that evidence.
 {¶ 11} Finally, Mrs. Binford's argument that there was insufficient evidence to prove the value of certain marital property is not persuasive. Mr. Binford was competent to testify about the value of the property,[4] and it was within the trial court's discretion to accept that testimony. Accordingly, the assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Hildebrandt, JJ.
[1] See Dunn v. Dunn, 1st Dist. Nos. C-010282 and C-010292, 2002-Ohio-6247, at ¶ 29.
[2] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[3] See Raphael v. Raphael (Nov. 19, 1999), 1st Dist. No. C-980696.
[4] See Allen v. Niehaus, 1st Dist. Nos. C-000213 and C-000235, 2001-Ohio-4021.